

U.S. Department of Justice

*United States Attorney
Southern District of New York*

*86 Chambers Street
New York, New York 10007*

**By electronic filing**  February 9, 2026

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re: *New Jersey v. United States Department of Transportation*, No. 26-282

Dear Ms. Wolfe:

    This Office represents defendants-appellants (the "government") in the above-named appeal. This morning, the government filed an emergency motion seeking a stay pending appeal of the district court's February 6, 2026, Order, and further requested that by 1:00 p.m. today this Court grant an administrative stay while the motion was pending. Shortly before filing that motion with this Court, pursuant to Fed. R. App. P. 8(a), the government filed a similar motion in the district court.

    Shortly after 1:00 p.m. today, February 9, 2026, the district court denied the motion for a stay pending appeal, but granted an administrative stay until February 12, 2026, at 5:00 p.m., to allow the government time to receive a decision on its motion to this Court for a stay. Accordingly, the government need no longer request action by the Court today. We respectfully request that the Court enter a further stay before the district court's stay expires.

    Thank you for your consideration.

    Respectfully,

    JAY CLAYTON
    United States Attorney for the
    Southern District of New York

By:   */s/ Tara Schwartz*
    TARA SCHWARTZ
    C. NNEKA NZEKWU
    Assistant United States Attorney
    86 Chambers Street, Third Floor
    New York, NY 10007
    Tel: (212) 637-2633/2737
    Email: chibogu.nzekwu@usdoj.gov
    Email: tara.schwartz@usdoj.gov

cc: Counsel for Plaintiffs (by electronic filing)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
STATE OF NEW JERSEY et al.,

                Plaintiffs,                  26-CV-00939 (JAV)

           -v-                                            <u>ORDER</u>

UNITED STATES DEPARTMENT OF
TRANSPORTATION et al.,

                Defendants.
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      On February 6, 2026, the Court issued a Temporary Restraining Order, ECF No. 45 ("TRO"), granting a motion by Plaintiffs the State of New Jersey and the State of New York (collectively, "Plaintiffs" or "the States") for emergency relief under the Administrative Procedure Act ("APA"), ECF No. 12 ("TRO Mem."). The TRO enjoined, pending the hearing of Plaintiffs' application for a preliminary injunction, the U.S. Department of Transportation ("DOT") from continuing to implement its suspension of funding ("September 30 Suspension Decision") for the Hudson Tunnel Project, which Plaintiffs represented would pause that day if federal funding did not immediately resume. ECF No. 1 ("Complaint" or "Compl."), ¶ 11.

      On February 9, 2026, Defendants the DOT; Secretary of Transportation Sean Duffy, in his official capacity; the Federal Railroad Administration; Administrator of the Federal Railroad Administration David Fink, in his official capacity; the Federal Transit Administration ("FTA"); FTA Administrator Marcus J. Molinaro, in his official capacity; the Build America Bureau; and Build America Bureau Executive Director Morteza Farajian, in his official capacity (collectively, "Defendants" or "the Government) moved for a stay of the Court's TRO pending appeal. ECF

No. 47 ("Stay Mot."). For the following reasons, Defendant's motion is DENIED. However, the Court GRANTS, *sua sponte*, a short administrative stay to allow Defendants to seek a stay from the Second Circuit.

## DISCUSSION

The Court assumes familiarity with the facts of this case. As relevant here, the TRO temporarily enjoined the Governments from implementing the September 30, 2025, suspension of federal disbursements for the Hudson Tunnel Project pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. TRO at 10. The Court found that the States adequately demonstrated that they would imminently suffer irreparable harm if Gateway Development Commission ("GDC"), an entity created by statute to develop, design, and execute the Hudson Tunnel Project, was forced to shut down its operations. TRO at 9.

Courts consider four factors when assessing a motion for a stay pending appeal: (1) "the [movant's] 'strong showing that he is likely to succeed on the merits,'" (2) "irreparable injury to the [movant] in the absence of a stay," (3) "irreparable injury to the nonmoving party if a stay is issued," and (4) "the public interest." *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "The first two factors are the most critical, but a stay 'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* (quoting *Nken*, 556 U.S. at 434-35). Accordingly, "a stay is 'an exercise of judicial discretion,' and '[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of discretion.'" *Id.* (quoting *Nken*, 556 U.S. at 434-35).

### A. Likelihood of Success on the Merits

The first factor, which considers the movant's likelihood of success on the merits, is inconclusive. Although the Court concluded in its TRO that Plaintiffs are likely to succeed on

the merits of their APA claim for largely the reasons set forth in Plaintiffs' moving brief, Defendants have raised serious issues as to whether the Court has jurisdiction over this matter, or whether such claims fall within the exclusive jurisdiction of the Court of Federal Claims. TRO Mem. 12-23. The Court ultimately concluded that the cases relied upon by Defendants were distinguishable, in that they did not arise in the context of a litigant who were not parties to the contracts at issue and therefore could not bring suit in the Court of Federal Claims. TRO at 7-9.

In their motion to stay, Defendants rely upon *Thakur v. Trump*, No. 25-4249, -- F.4th --, 2025 WL 3760650, at *3 (9th Cir. Dec. 23, 2025), stating that the Ninth Circuit explicitly addressed this question and held that where plaintiffs are not parties to contract "that cuts *against* allowing APA review." ECF No. 48 at 2. Yet the cited section from the *Thakur* opinion does not speak to this issue at all. It does not mention, for example, whether the plaintiff class were parties to the underlying contracts, whether the plaintiffs had the right to pursue contract claims in the Court of Federal Claims, or whether the Tucker Act's exclusive jurisdiction provisions would apply to divest the court of jurisdiction over APA claims brought by those not in privity with the contract.

Even if it did, however, this would only serve to highlight the uncertainty in this area of law, as the Ninth Circuit reached the opposite conclusion in an opinion issued months earlier, in *Cmty. Legal Servs. in E. Palo Alto v. United States Dep't of Health & Hum. Servs.*, 137 F.4th 932, 939 (9th Cir. 2025) (holding that subcontractors could maintain suit under the APA, as they did not have the right to sue under the Tucker Act). In any event, neither of these cases are binding upon this Court, and this Court has not identified any Second Circuit or Supreme Court precedents that speak directly to this issue.

### B. Irreparable Injury to the Government

The second factor weighs in favor of a stay, but the Court finds that when weighed alongside factors three and four, a denial of the stay pending appeal is still warranted. Unless the TRO is stayed by 1:00 pm today, the government represents that it will face be forced to disburse up to $200 million, without any obvious mechanism for recovering that money later if the government prevails on appeal. ECF No. 48 ("Stay Mem.") at 3. The Court does not take these consequences lightly, which may certainly amount to irreparable harm. *See, e.g.*, *Dep't of Educ. v. California*, 604 U.S. 650, 651-52 (2025).

### C. The Public Interest and Irreparable Injury to the States

These factors weigh heavily, and ultimately dispositively, against a stay. Whereas in *Department of Education*, "the Government compellingly argue[d] that respondents would not suffer irreparable harm while the TRO is stayed," this is not the case here. *Id*.

The States have shown limited ability to continue a critical infrastructure project from their own coffers. Plaintiffs will be unable to recover imminent and "overwhelming" monetary loss if GDC is forced to shut down its operations. TRO Mem. 8-12, 23-25; *see also United States v. New York*, 708 F.2d 92, 93 (2d Cir. 1983) (affirming "pecuniary" loss was irreparable when action "to recover the damages" would be "barred by [sovereign immunity]"); *United States v. New York*, 708 F.2d 92, 93 (2d Cir. 1983) (monetary loss can constitute irreparable harm when a party would have no means to recoup such losses through a subsequent action for monetary damages). The States have also demonstrated that they are at risk of losing the value of the funds already invested in the Hudson Tunnel Project., and that delay would harm the States' proprietary interests. TRO Mem. at 10-11.

Moreover, and most compellingly, the States have demonstrated that the shutdown of

4

operations will have an immediate and severe impact on the region's economic interests. *Id.* at 25. GDC has already begun laying off workers who depend upon the Hudson River Tunnel for their livelihood. *Id.* Substantial delays could lead to the loss of up to 95,000 jobs. *Id.* An action for breach of contract brought by GDC in the Court of Federal Claims will not provide any relief to those whose jobs are at imminent risk. A prolonged shutdown is also predicted to result in the loss of $7.3 billion in annual GDP associated with completion of the Hudson River Project. *Id*.

Accordingly, Defendants' Motion for Stay Pending Appeal is DENIED because of the irreparable harm the States and the public interest will suffer in the absence of immediate relief to Plaintiffs. The Court does, however, GRANT an administrative stay until **February 12, 2026, at 5:00 pm,** to allow Defendants time to file and receive decision on a motion for a stay in the Second Circuit Court of Appeals. The Clerk of Court is directed to terminate ECF No. 47.

SO ORDERED.

Dated: February 9, 2026
       New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge