S.D.N.Y. – N.Y.C.<br>
26-cv-939<br>
Vargas, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-six.

Present:

    Reena Raggi,
    Myrna Pérez,
    Sarah A. L. Merriam,
        *Circuit Judges*.

_____

State of New Jersey, State of New York,

        *Plaintiffs-Appellees*,

v.                                                                                  26-282

United States Department of Transportation, *et al.*,

        *Defendants-Appellants*.

_____

Defendants-Appellants Department of Transportation and other federal government affiliates ("DOT") move for a stay pending appeal of a temporary restraining order entered on February 6, 2026, in the United States District Court for the Southern District of New York requiring DOT to lift its temporary suspension of payments to the Gateway Development Commission ("GDC"), an entity statutorily created by Plaintiffs-Appellees, the States of New York and New Jersey. Because the restraining order is, in effect, a preliminary injunction, this court has jurisdiction to review DOT's challenge to its entry and to consider a motion to stay the injunction pending appeal on the merits. *See Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 47 (2d Cir. 2020).

The decision to grant or deny a stay is a matter committed to the court's discretion. *See Nken v. Holder*, 556 U.S. 418, 433 (2009). Four factors inform the exercise of that discretion: "(1) whether [DOT] has made a strong showing that [it] is likely to succeed on the merits" of its jurisdictional challenge to the district court's entry of a preliminary injunction; "(2) whether [DOT] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure [Appellee States]; and (4) where the public interest lies." *Id.* at 434. The standard is akin to that

CERTIFIED COPY ISSUED ON 3/11/2026

applicable to motions for a preliminary injunction. *See, e.g.*, *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994); *but see Mohammed v. Reno*, 309 F.3d 95, 100 n.6 (2d Cir. 2002) (observing that stays pending appeal can be of briefer duration than preliminary injunctions). In that context, this court has recognized that irreparable harm is a critical prerequisite for the issuance of a preliminary injunction. *See Care One, LLC v. NLRB*, 166 F.4th 335, 343 (2d Cir. 2026).

The practical effect of the challenged injunction is to leave DOT obligated to make regularly scheduled payments of millions of dollars to the GDC. "[T]he loss of money is not typically considered irreparable harm" unless "the funds cannot be recouped and are thus irrevocably expended." *National Institutes of Health v. Am. Pub. Health Ass'n* ("*NIH v. APHA*"), 606 U.S. ---, 145 S. Ct. 2658, 2659 (2025) (internal quotation marks omitted). While DOT asserts that, if successful on the merits, it will not be able to recoup its payments to GDC given that entity's exhaustion of its resources, the record casts doubt on that assertion, indicating that (1) on March 12, 2026, the Court of Federal Claims is expected to issue a ruling in GDC's case challenging DOT's suspension of payments, and such a decision—going either way—may well end (or, at least, significantly narrow) the instant action; (2) DOT's next payment obligation does not arise until sometime after March 12, 2026; and (3) in any event, DOT acknowledges that some of its payment obligations to GDC are pursuant to loans guaranteed by New York and New Jersey, which are not shown to be unable to meet their obligations.[1] Thus, because DOT fails to show the irreparable injury required to secure a stay pending appeal, its motion is properly denied on that ground. *Cf. Care One, LLC v. NLRB,* 166 F.4th at 343 (observing that court has "routinely—even summarily—upheld the denial of a preliminary injunction based on a movant's failure to demonstrate irreparable harm without considering other requirements for such relief," specifically, "likelihood of success on the merits" (internal quotation marks omitted)).

In the absence of any showing of irreparable harm, DOT must do more than show that the merits of its jurisdictional challenge are debatable to secure a stay pending appeal. *See Mohammed v. Reno*, 309 F.3d at 101 (suggesting, on stay motion, "probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [movant] will suffer absent the stay" (internal quotation marks omitted)). DOT has not done that here.

The remaining factors warrant no different conclusion. As for injury to the States, DOT does not dispute the States' assertion that, if the injunction is stayed and DOT is free to suspend future payments to GDC, tunnel construction sites will become inactive, posing serious risk of injury and deterioration that the States, at considerable expense, will become responsible to safeguard against. As for the public interest, just as the public has an interest in the responsible disbursement of federal monies, it also has an interest in the efficient completion of a major public works project and in the avoidance of health and safety threats around inactive construction sites.

---

[1] At oral argument, DOT was unable to estimate how much of its payments to GDC are pursuant to loans rather than grants, *see* Mar. 3, 2026 Argument at 26:30-27:35, undermining its inability-to-recoup argument.

In sum, because DOT has failed to demonstrate irreparable harm or any other circumstances warranting a stay pending appeal, its motion for such a stay is DENIED. Should DOT wish to expedite consideration of its appeal before a merits panel, it is free to make such a request, though in the absence of such a request, the appeal may not be heard until the 2026 term begins in August-September.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit