UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 26-282

Motion for: abeyance of appeal

Caption [use short title]

State of New Jersey, et al. v. United States Department of Transportation, et al.

Set forth below precise, complete statement of relief sought:

Hold appeal in abeyance pending district court's decision on government's motion to dismiss and plaintiffs' motion for a permanent injunction

MOVING PARTY: U.S. Dep't of Transport and all other defendant-appellants    OPPOSING PARTY: States of New York and New Jersey

☐ Plaintiff    ☑ Defendant

☐ Appellant/Petitioner    ☐ Appellee/Respondent

MOVING ATTORNEY: Tara Schwartz    OPPOSING ATTORNEY: Shankar Duraiswamy

[name of attorney, with firm, address, phone number and e-mail]

U.S. Attorney's Office, S.D.N.Y.    Office of the Attorney General of New Jersey

86 Chambers St., 3rd Floor,  New York, NY 10007    25 Market Street Trenton, NJ 08625

212-637-2633; tara.schwartz@usdoj.gov    (609) 649-1019; shankar.duraiswamy@njoag.gov

Court- Judge/ Agency appealed from: US District Court, SDNY (Vargas, J.)

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☑ No ☐ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:

Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested?    ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?    ☐ Yes ☑ No  If yes, enter date:

Signature of Moving Attorney:

_____ Date: May 4, 2026    Service : ☑ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

-------------------------------------------------------x

STATE OF NEW JERSEY and STATE OF
NEW YORK,

            Plaintiffs-Appellees,                 No. 26-282

        v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION, *et al.*

            Defendants-Appellants.

-------------------------------------------------------x

### Memorandum of Law in Support of Defendants-Appellants' Motion to Hold the Appeal in Abeyance Pending a Final Ruling of the District Court

Defendants-appellants (the "government") respectfully submit this memorandum of law in support of their motion to hold this appeal in abeyance. This appeal concerns a preliminary injunction, but the matter is continuing in the district court, which is presently considering plaintiffs' motion for final judgment and the government's motion to dismiss the action. The parties agree that this appeal should be held in abeyance pending the district court's final decision to conserve the resources of the parties and the Court.

### Background

This is an appeal from a preliminary injunction entered by the district court on February 6, 2026. (D. Ct. ECF No. 45). That preliminary injunction enjoined the government from continuing to implement its suspension of funding to the Gateway Development Commission ("GDC"), an entity created by plaintiff States of New York and New Jersey for construction of a tunnel under the Hudson River. (*Id.*). Plaintiffs

have alleged that the suspension of funding, which was being made pursuant to various grant and loan agreements between the government and GDC, was contrary to law and otherwise arbitrary and capricious in violation of the Administrative Procedure Act ("APA"). (D. Ct. ECF No. 1). Plaintiffs accordingly moved the district court for a preliminary injunction. (D. Ct. ECF Nos. 11-12). The government opposed the plaintiffs' requested relief, arguing principally that the district court lacks jurisdiction over plaintiffs' APA claims, which are, in substance, contract claims against the government and therefore must be brought in the Court of Federal Claims under the Tucker Act. (D. Ct. ECF No. 41). The district court entered an order in plaintiffs' favor, styled as a temporary restraining order. (D. Ct. ECF No. 45).

On February 9, 2026, the government filed an appeal from the district court's order, which the government contended effectively served as a preliminary injunction, and requested that this Court stay the preliminary injunction pending appeal. (ACMS No. 9.1). The government's motion explained that, absent a stay, the government would be required to disburse approximately $200 million to the GDC. (*Id*. at 1-2). When this Court had not ruled on the stay motion by the deadline imposed by the district court, the government remitted the roughly $200 million to the GDC on or about February 13, 2026. (D. Ct. ECF No. 61). This Court then heard oral argument on March 3, 2026. (ACMS No. 22). On March 11, 2026, the Court denied the government's motion to stay on the ground that the government had not shown that it would be irreparably harmed absent a stay pending appeal. (ACMS No. 28).

2

Accordingly, the government has continued to make payments due to the GDC pursuant to the relevant contractual agreements.

In the district court, plaintiffs have moved for a permanent injunction or other final relief, and the government has moved to dismiss the complaint. (D. Ct. ECF Nos. 64, 68-73). The parties appeared for a hearing on these motions on April 16, 2026. (D. Ct. ECF Minute Entry at 4/16/2026). Again, the government's principal contention concerns whether the Tucker Act divests the district court of jurisdiction over plaintiffs' APA claims. (D. Ct. ECF Nos. 68-70, 73). On April 29, 2026, the district court directed the parties to submit supplemental briefing with respect to certain jurisdictional issues. (D. Ct. ECF No. 74). That briefing is expected to be fully submitted to the district court by May 13, 2026. (*Id.*).

## Argument

### The Appeal Should Be Held in Abeyance

This appeal should be held in abeyance pending the district court's anticipated final decision on the merits of plaintiffs' APA claims and the government's motion to dismiss for lack of jurisdiction. Doing so would permit more orderly consideration of the issues and conserve the Court's and the parties' resources.

If the district court grants the government's pending motion to dismiss for lack of jurisdiction, that would moot the pending appeal of the preliminary injunction. If the district court denies the government's motion to dismiss and grants the plaintiffs' request for APA relief in the form of permanently vacating or setting aside the suspension of funding, that order would likely supersede the February 6 preliminary

Case: 26-282, 05/04/2026, DktEntry: 33.1, Page 5 of 6

injunction and thus, if appealed, would be the only order properly before the court. Proceeding with the current appeal would therefore potentially cause duplicative and unnecessary briefing, which would not serve the interests of judicial economy and would impose unneeded costs on the parties. *See Mount Wilson FM Broadcasters, Inc. v. FCC*, 884 F.2d 1462, 1466 (D.C. Cir. 1989) ("piecemeal, duplicative, tactical and unnecessary appeals . . . are costly to the parties and consume limited judicial resources"). Moreover, permitting the district court to enter final judgment and the government to consider whether to appeal that judgment—even if the preliminary injunction is not modified from its present form—would further the policy against piecemeal appeals. *See In re Fugazy Express, Inc.*, 982 F.2d 769, 777 (2d Cir. 1992).

Accordingly, the government requests that the Court hold this appeal in abeyance until the district court resolves the pending motions. Plaintiffs consent to this request.

4

Dated:   New York, New York       Respectfully submitted,
           May 4, 2026

JAY CLAYTON
United States Attorney for the
Southern District of New York
Attorney for Defendants-Appellants

By:   */s/ Tara Schwartz*
TARA SCHWARTZ
C. NNEKA NZEKWU
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Telephone: 212.637.2633/2737
E-mail: tara.scwartz@usdoj.gov
        chibogu.nzekwu@usdoj.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the above-named counsel hereby certifies that this memorandum complies with the type-volume limitation of the Federal Rules of Appellate Procedure. As measured by the word processing system used to prepare it, this memorandum contains 856 words.

5